UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

v.

DAVID ALEXANDER WOLPERT,

Defendant.

Case No.  2:26-cv-0239-DC-JDP

FINDINGS AND RECOMMENDATIONS

On January 29, 2026, plaintiff filed a notice of removal for two state criminal cases: 19FE007468 (Sacramento County) and 20-SF-012801-A (San Mateo County).  ECF No. 1 at 1-2. Because the notice of removal fails to state a cognizable basis for removal, I recommend that this action be remanded.

Plaintiff alleges that this court has jurisdiction pursuant to 18 U.S.C. §§ 1331, 1343, 1441, 1443, and 1446. *Id.* at 2.  None of the cited provisions confer jurisdiction on this court.  As an initial matter, 28 U.S.C. §§ 1331, 1343, 1441, and 1446 provide for the removal of *civil* actions and do not permit defendant to remove his pending criminal case.

1

Section 1443(a), however, provides a basis for removal of state criminal actions to federal court:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the court of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

A case may be removed under § 1443(a) only if the defendant has satisfied a two-pronged test. "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'["] *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'["] *Id.* (quoting *Rachel*, 384 U.S. at 803). In general, there must be a state law or constitutional provision that denies the defendant an opportunity to raise a federal right in his or her state criminal proceedings. *Id.* (citing *Rachel*, 384 U.S. at 803).

Defendant fails to satisfy either prong. First, defendant does not reference any "federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson*, 421 U.S. at 219. Neither does defendant articulate the relevance of any such law to his prosecutions in state court.

Moreover, defendant has not shown that he will be "denied or [unable to] enforce' the specified federal rights 'in the courts of (the) State.'" *Id.* Defendant alleges in his notice of removal that he has been "denied or cannot enforce in the state courts rights secured by federal law providing for equal protection" and "removal is warranted because the state proceedings, taken as a whole and across Sacramento County and San Mateo County, demonstrate a pattern in

which federally protected rights cannot be fully and fairly enforced in the state forum."  ECF No. 1 at 2, 5.  General allegations such as these cannot support removal of defendant's criminal prosecutions to federal court.  *See California v. Blackwelder*, No. 06-cv-2254-GEB-DAD, 2007 WL 1865386, at *4 (E.D. Cal. June 28, 2007) ("[The defendant] seeks only the enforcement of constitutional provisions of general applicability.  That is not a sufficient basis to remove defendant's criminal prosecution to federal court under § 1443(1).").

Accordingly, I recommend that this action be remanded to the Sacramento County Superior Court and the San Mateo Superior Court.  *See California v. Rish Invs., Inc.*, No. 24-4283, 2025 WL 1420338, at *1 (9th Cir. May 16, 2025) ("Rish also cannot show that removal was proper under 28 U.S.C. § 1443(1).  Rish has neither identified a right bestowed on it by an explicit statutory enactment protecting equal racial civil rights, nor pointed to a 'formal expression of state law that prohibits [it] from enforcing [its] civil rights in state court,' nor provided 'anything that suggests that the state court would not enforce [its] civil rights in the state court proceedings. "); *FIXZYN, Inc. v. Laatz*, No. 2:25-cv-1201-DJC-SCR, 2025 WL 1410798, at *2 (E.D. Cal. Apr. 28, 2025) ("Here, Defendant fails to support both requirements for removal under Section 1443(1).Defendant has not identified a specific statute protecting equal racial civil rights. . . . Moreover, Defendant has also not identified a statute or constitutional provision that commands state courts to ignore equal racial civil rights.  Remand to the Sacramento Superior Court is therefore appropriate and mandatory."); 28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").

Accordingly, it is hereby RECOMMENDED that this case be REMANDED to the Sacramento County Superior Court and the San Mateo Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:     April 21, 2026     _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE