UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

v.

DAVID ALEXANDER WOLPERT,

Defendant.

Case No.  2:26-cv-0239-DC-JDP

FINDINGS AND RECOMMENDATIONS

Plaintiff filed a notice of removal of two pending state criminal cases, one from Sacramento County and one from San Mateo County.  ECF No. 1.  On April 21, 2026, I issued recommendations that this matter be remanded to the state courts.  ECF No. 4.  While those recommendations were pending, defendant filed objections and a motion for a temporary restraining order.  ECF Nos. 5 & 6.  For the reasons below, I recommend that defendant's motion for injunctive relief be denied.

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'"  *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[A] preliminary injunction is an extraordinary remedy never awarded as of

1

right"). Nonetheless, "federal courts must not shrink from their obligation to enforce the constitutional rights of all persons, including prisoners," and must not "allow constitutional violations to continue simply because a remedy would involve intrusion into the realm of prison administration." *Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021) (citation omitted).

A party seeking a preliminary injunction must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. The "balance of equities" concerns the burdens or hardships to a prisoner complainant compared with the burden on the government defendants if an injunction is ordered. *Id.* The public interest mostly concerns the injunction's impact on nonparties. *Id.* (citation omitted). Regardless, "[i]t is always in the public interest to prevent the violation of a party's constitutional rights." *Id.* (citation omitted).

Where a party seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not 'doubtful.'" *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)).

Defendant seeks an injunctive to stay a criminal proceeding occurring May 13, 2026 in Sacramento Superior Court. ECF No. 6. Defendant states that the hearing tomorrow "concerns ongoing competency, conditional-release, disability, liberty, and due-process matters." *Id.* at 1. Defendant appears to be primarily concerned with the fact that the state court is not accommodating his disability (plaintiff suffers from keratoconus, which impacts his ability to see). *Id.* at 4. He also raises concerns about ineffective assistance of counsel, his right to testify, involuntary medication, jury selection, speedy trial violations, prolonged detention, false testimony, and more. *See id. generally*.

As an initial matter, I previously recommended that this case be remanded to state court. *See* ECF No. 4. Therefore, defendant cannot demonstrate a likelihood of success on the merits. *See Winter*, 555 U.S. at 20 ("A plaintiff seeking a preliminary injunction must establish that he is

2

likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

Turning to the merits, 8 U.S.C. § 1443 does not independently authorize a federal court to stay a state court proceeding. Section 1443 is a civil rights removal statute; it empowers qualifying defendants to transfer eligible cases from state to federal court, but it does not contain independent authority to enjoin or stay state proceedings.[1] Further, as this court previously explained, defendant did not properly remove this action under section 1443. *See* ECF No. 4.

Defendant argues, however, that federal courts can stay state court proceedings under the Anti-Injunction Act, 28 U.S.C. § 2283. That statute provides that "a court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. But section 1443 is neither enumerated as an express exception to the Act, nor does it contain language authorizing injunctive relief.

Finally, defendant claims that the *Younger* abstention doctrine does not prohibit his request. I disagree. The *Younger* abstention doctrine generally prohibits federal courts from staying or enjoining pending state court proceedings, including criminal cases. *See AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1147 (9th Cir. 2007). For *Younger* to apply, these conditions must be met: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." 401 U.S. 37, 45 (1971); *see also Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021). These conditions are met here. There is an on-going state court proceeding; the next hearing is scheduled for tomorrow, May 13.

[1] Indeed, had this court found that defendant properly removed this action under 28 U.S.C. § 1443, the state court proceedings would have been automatically stayed by operation of law. Under § 1446(d), after a defendant files the notice of removal in federal court, the defendant must give written notice to all adverse parties and file a copy with the clerk of the state court, "which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446. This language creates an automatic stay due to the removal itself.

3

The proceeding is criminal in nature and therefore implicates important state interests. Defendant has not sufficiently argued that he is barred from raising constitutional concerns in state court. And the requested relief is explicitly to stay the state court proceeding. Accordingly, *Younger* applies, and this court should not intervene.

Defendant has failed to meet the especially high burden necessary for an ex parte temporary restraining order. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (noting that a temporary restraining order may issue ex parte only if it clearly appears that immediate and irreparable harm will occur in its absence and emphasizing that "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute"). Accordingly, I recommend that the motion for injunctive relief be denied.

Accordingly, it is hereby RECOMMENDED that plaintiff's motion for preliminary injunctive relief, ECF No. 6, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    May 12, 2026                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4